UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMARIS R. VARGAS,

    Plaintiff,

v.                                                  Case No: 6:21-cv-353-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Damaris R. Vargas seeks judicial review of the denial of her claim for disability insurance benefits. As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for disability insurance benefits on September 7, 2019. (Tr. 192–93.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 109, 124.) Plaintiff then requested an administrative hearing. (Tr. 146.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 73–95.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 11–31.) Subsequently, Plaintiff requested review from the

Appeals Council, which the Appeals Council denied. (Tr. 1–7.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1997, claimed disability beginning on September 7, 2015. (Tr. 11.) Plaintiff has a high school education and past relevant work as a bakery worker and packaging line attendant. (Tr. 78, 91.) Plaintiff alleged disability due to psoriasis, psoriatic arthritis, depression, diabetes, hypertension, Raynaud's disease, CREST syndrome, and mitral valve prolapse. (Tr. 217.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity from the alleged onset date of September 7, 2015, through her date last insured of June 30, 2020. (Tr. 13.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: psoriatic arthritis, inflammatory polyarthropathy, CREST syndrome, osteoarthritis, degenerative disc disease of the lumbar spine, diabetes mellitus, obesity, and asthma. (Tr. 14.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17.) The ALJ then concluded that Plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform

> less than a full range of sedentary work as defined in 20 CFR 404.1567(a). With both upper extremities, the claimant can frequently operate hand controls and handle. The claimant can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant can have occasional exposure to unprotected heights and moving mechanical parts. She can have occasional exposure to dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat and vibration.

(Tr. 17.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the medical evidence and other evidence in the record. (Tr. 19.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 29.) Given Plaintiff's background and RFC, the VE opined that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as document preparer, stuffer, and eye glass frame polisher. (Tr. 92.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 31.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any

- 3 -

medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration (SSA), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

# ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to provide a function-by-function analysis in the RFC assessment as required by Social Security Ruling (SSR) 96-8p; and (2) the ALJ improperly relied on the testimony of the VE after posing and relying on a hypothetical question that did not accurately reflect Plaintiff's limitations. (Dkt. 35.) For the reasons that follow, these contentions do not warrant reversal.

## A. RFC Determination

Plaintiff argues that the assessed RFC was too vague and did not contain a function-by-function analysis. (Dkt. 35 at 10.) Specifically, Plaintiff contends that the ALJ erred by failing to define what is meant by "less than a full range of sedentary work" and failing to provide a function-by-function assessment of Plaintiff's ability to do work-related exertional activities. (*Id.*)

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC is the most a claimant is still able to do despite the limitations caused by her impairments. 20 C.F.R. § 404.1545(a); *Phillips*, 357 F.3d at 1238. To determine an individual's RFC, an ALJ assesses all the relevant medical and other evidence in the case and considers a claimant's ability to meet the "physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(1), (a)(4). Under SSR 96-8p, the RFC assessment must first "identify the individual's functional limitations or restrictions and assess his

or her work-related activities on a function-by-function basis" before expressing the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

In this case, the ALJ's RFC determination was supported by substantial evidence. The ALJ found that Plaintiff had the RFC to perform "less than the full range of sedentary work as defined in 20 C.F.R. 404.1567(a)." (Tr. 17.) To the extent Plaintiff claims that the ALJ did not define "less than the full range of sedentary work," the ALJ specifically references the C.F.R. that defines sedentary work. *See Kerridge v. Comm'r of Soc. Sec.*, No. 6:10-cv-1009-Orl-DAB, 2011 WL 3739025, at *8 (M.D. Fla. Aug. 22, 2011) (holding that the ALJ's specific reference to the applicable descriptions of sedentary work in the Social Security Regulations, rather than the individual criteria, indicated she was aware of those criteria in determining the RFC). The ALJ's RFC determination then identifies the specific non-exertional limitations that reduced Plaintiff's capacity from the full range of sedentary work to "less than" the full range of sedentary work. (Tr. 17.)

Further, while the ALJ could have been more specific in assessing each of the exertional work-related abilities in a function-by-function assessment, the ALJ sufficiently analyzed Plaintiff's physical abilities by discussing all the relevant evidence of record in his RFC analysis. *See Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007) (holding that "while the ALJ could have been more specific and explicit in his findings," the ALJ complied with SSR 96-8p when he "consider[ed] all the evidence" and "found that it did not support the level of disability" claimed).

- 7 -

Moreover, Plaintiff does not contend that the ALJ failed to consider all of the evidence, and the ALJ's thorough evaluation of the objective medical evidence, medical consultations, opinion evidence, and Plaintiff's testimony supports the conclusion that all relevant evidence was considered.

In particular, the ALJ considered the opinions of four state agency medical consultants, two of which specifically included function-by-function assessments of Plaintiff's exertional limitations, as well as the opinions of a licensed psychologist and a licensed physician. (Tr. 28, 105, 120); *see Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (rejecting claimant's argument that the ALJ did not perform a function-by-function analysis where the ALJ's consideration of two disability examiners' reports, two Disability Determination Services reports, and claimant's testimony was "sufficient to allow [the court] to conclude that the ALJ considered the claimant's medical condition as a whole" in determining claimants RFC). The ALJ appropriately considered these medical opinions, finding two persuasive, one not persuasive, and three somewhat persuasive, dependent on the level to which they were supported by and consistent with the evidence. (Tr. 28.) Indeed, Dr. Loc Kim Le and Dr. Andrew Scanameo opined that Plaintiff had an exertional capacity of light work, with the ability to frequently carry ten pounds, occasionally carry twenty pounds, stand and/or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. (Tr. 105, 120.) However, after considering all the evidence, the ALJ restricted the RFC further, finding that sedentary limitations were

better supported given the evidence of Plaintiff's obesity and musculoskeletal issues. (Tr. 28.)

Following a detailed, 12-page discussion of these reports as they related to the objective medical evidence and Plaintiff's testimony, the ALJ found that Plaintiff's allegations were only partially consistent with the evidence. (Tr. 17–29.) The ALJ noted several instances where Plaintiff's testimony conflicted with medical treatment records and other evidence. For example, Plaintiff alleged that she used a cane and walker in a function report, but there is no mention of the use of these assistive devices in the medical evidence, and instead, evaluations showed her to have a normal gait (Tr. 313, 754) or an antalgic gait but can walk independently without an assistive device (Tr. 106, 121). Plaintiff also alleged that she suffered from debilitating psoriatic breakouts and could only pay attention for two minutes at a time. (Tr. 83, 243.) But the medical evidence does not show the breakouts to be as limiting as alleged, as some evaluations describing rashes unaccompanied by redness or swelling, and others describing psoriasis of moderate severity. (Tr. 443, 522.) Plaintiff further admitted that she drives, takes care of a five-year old child, does laundry, and does basic cleaning. (Tr. 88, 239–40); *see Christmas v Comm'r of Soc. Sec.*, 791 F. App'x 854, 856 (11th Cir. 2019) (holding that substantial evidence supported the ALJ's decision to give limited weight to claimant's subjective complaints where medical reports did not corroborate claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms).

Thus, the ALJ discussed the relevant evidence in finding that Plaintiff could perform a reduced range of sedentary work and was not required to further discuss Plaintiff's ability to perform each of the exertional demands of sedentary work. *See Castel*, 355 F. App'x at 263 ("We do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole.") (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Substantial evidence therefore supports the ALJ's RFC assessment. *See Tiedt v. Comm'r of Soc. Sec.*, No. 6:18-cv-2087-Orl-18EJK, 2019 WL 7562362, at *3 (M.D. Fla. Dec. 17, 2019) (holding that substantial evidence supported ALJ's RFC assessment despite lacking an express discussion of every function where the ALJ considered claimant's testimony, medical opinions, and medical records before expressing claimant's residual functional limitations in terms of exertional levels), *report and recommendation adopted*, No. 6:18-cv-2087-Orl-18EJK, 2020 WL 127649 (M.D. Fla. Jan. 10, 2020).

Lastly, Plaintiff fails to allege or point to evidence of any specific exertional limitation greater than what was found by the ALJ. *See Alderman v. Comm'r of Soc. Sec.*, No. 2:16-cv-760-FtM-MRM, 2018 WL 1358421, at *7 (M.D. Fla. Mar. 16, 2018) (holding that it is "unclear what specific error the ALJ could have committed in the RFC assessment" when plaintiff "has not pointed to any specific limitations" that should have been included); *see also Lewis v. Comm'r of Soc. Sec.*, No. 6:17-cv-356-Orl-37DCI, 2017 WL 8809369, at *2 (M.D. Fla. Dec. 28, 2017) (noting that the "failure to identify any specific deficiencies in the ALJ's step four analysis undermines

[c]laimant's argument" that "the ALJ did not perform a function-by-function analysis").

### B. VE Testimony

Plaintiff next argues that the hypothetical posed to the VE did not account for all of Plaintiff's functional limitations and that the ALJ, therefore, improperly relied on the VE testimony. Specifically, Plaintiff contends that the ALJ erred by asking the VE to consider a person limited to sedentary work with other non-exertional limitations, rather than a person "limited to less than the full range of sedentary work," the exact wording for the RFC that the ALJ had determined. (Dkt. 35 at 12.)

At step five of the sequential evaluation process, once the claimant has proven that she can no longer perform past relevant work, the burden shifts to the Commissioner to show that the claimant can perform other jobs that "exist in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(1); *see also Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). The ALJ may determine whether the claimant has the ability to adjust to other work in the national economy by applying the Medical Vocational Guidelines or using a VE. *Phillips*, 357 F.3d at 1240.

When using a VE, the hypothetical posed to the VE must account for all of the claimant's impairments to constitute substantial evidence. *Wilson*, 284 F.3d at 1227; *see also Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999). However, questions meet this requirement when they "implicitly account[] for the claimant's limitations." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1269 (11th Cir. 2015) (quoting *Winschel v. Comm'r*

*of Soc. Sec.*, 631 F.3d 1176, 1180–81 (11th Cir. 2011)).  Further, the hypothetical question does not need to include limitations or impairments properly rejected by the ALJ.  *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 App'x 738, 742 (11th Cir. 2008); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citing *Wilson*, 284 F.3d at 1227).

In this case, substantial evidence supports the ALJ's finding that Plaintiff could perform other work in the national economy based on the VE's testimony.  The ALJ asked the VE to consider a person limited to sedentary work with these other non-exertional limitations:

> With both upper extremities the person would be limited to frequent use of hand controls and frequent handling.  The person could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  The person could occasionally balance, stoop, kneel, crouch and crawl.  The person could have occasional exposure to unprotected heights and moving mechanical parts.  There could also be occasional exposure to dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibrations.

(Tr. 91.)  The ALJ then relied on the testimony of the VE in response to the hypothetical to find that Plaintiff could perform the jobs of document preparer, stuffer, and eye glass frame polisher.  (Tr. 30.)

As explained above, the ALJ's RFC determination was based on substantial evidence because he evaluated all the relevant evidence in making his determination.  The limitations contained in the hypothetical posed to the VE were the exact limitations that the ALJ specifically assessed in the RFC finding, and that reduced the exertional level from sedentary work to less than the full range of sedentary work.

Accordingly, the absence of "less than" modifying the range of sedentary work in the ALJ's hypothetical does not constitute a harmful error because the hypothetical accounted for all the limitations in the RFC determination. *See Severance-Lopez v. Comm'r of Soc. Sec.*, No. 6:19-cv-282-Orl-22DCI, 2022 WL 1181949, at *9 (M.D. Fla. Mar. 12, 2020) (holding that a hypothetical was based on substantial evidence despite using the phrasing "light exertional level" rather than using the exact phrasing of the RFC, "less than the full exertional range of light work," when it contained the "exact same limitations verbatim that *reduced* the full range of 'light work' found in the RFC assessment").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.
2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on July 8, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record